## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT E. WOOLUM | § | |
|     Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:18-cv-2453 |
| v. | § | |
| | § | |
| CITY OF DALLAS, TEXAS; | § | |
| SAMUEL DIGBY, individually; | § | |
| Officer Does 1-9, individually; | § | **JURY TRIAL DEMANDED** |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Albert E. Woolum ("Plaintiff"), who, seeking redress of his grievances and complaining of the actions, patterns and practices of the City of Dallas, Texas, Samuel Digby, and Officers Does 1-9 in their individual and official capacities, and alleges as follows:

### Nature of the Action

This is an action brought by Plaintiff against Defendants for their unlawful arrest, detention, and restriction of Plaintiff's constitutionally protected First Amendment right to free speech.  Defendant violated these rights under the color of law, in violation of 42 U.S.C. § 1983, and the First and Fourth Amendments of the United States Constitution.  Plaintiff alleges that Defendants and its policy makers, adopted a pattern, practice, and custom of arresting lawful protestors who expressed unpopular viewpoints despite knowing the illegality of such arrests. Plaintiff seeks damages, declaratory, and injunctive relief.

Plaintiff alleges Dallas City Charter provides that the Dallas City Council is responsible for setting all city policies, unless otherwise delegated "Except as otherwise provided by this Charter, all powers conferred on the city shall be exercised by a city council ." (Dallas City Charter Chapter III, Section 1).

The Dallas City Council is the decision-maker and policy maker for the customs, practices, policies and procedures complained of herein. Dallas City Council had a duty, but failed, to implement and/or enforce policies, practices, procedures, and to ensure adequate training, supervision, and discipline with respect to compliance with these policies for Dallas Police Department.

The Defendant, City of Dallas and Dallas City Council's failure to develop and implement the necessary policies and the resultant de facto policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of Plaintiff's rights under the First, Fourth and Fourteenth Amendments and caused his unwarranted physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for his damages.

**Parties**

1. Plaintiff Albert E. Woolum is a Vietnam Veteran, honorably discharged, and resident of the Northern District of Texas.

2. Defendant City of Dallas ("City") is a municipal corporation that operates that Dallas Police Department and is legally responsible for the actions of its employees and police officers.  It is located in Dallas County, Texas, and is located in the Northern District of Texas. Defendant City may be served by delivering a copy of this Original Complaint and its summons to its Mayor Mike Rawlings at 1500 Marilla Street, Room 5EN, Dallas, Texas 75201.  Dallas funds and operates the Dallas Police Department ("DPD").

3. Defendant Samuel Digby, upon information and belief, is a commissioned peace officer duly appointed by City of Dallas and may be served at his place of employment or wherever else they may be found.

4.       Defendants Officer Does 1-9 ("Officer Does") are unidentified defendants whose identities will be discovered over the course of this lawsuit.  On information and belief, each are officers of the DPD, reside in the Northern District of Texas, carry out the policies, procedures, customs, and practices of Defendant Dallas and the DPD, and at all times relevant to this lawsuit acted or failed to act within the course and scope of their employment. Doe Defendants may be served by delivering a copy of this Original Complaint and summons to place of employment at 1400 South Lamar St., Dallas, Texas 75215, or wherever else they may be found.  All DPD officers, including Defendant Digby, shall be referred to hereinafter collectively as "Officer Does."

## Jurisdiction and Venue

5.       This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff seeks redress for violations of rights guaranteed by the Constitution of the United States and 42 U.S.C. 1983.

6.       Venue is proper in this Court as all acts and omissions complained of herein occurred in the Northern District of Texas.

## Facts

7.       Plaintiff Albert E. Woolum is a 67-year-old veteran, who answered this country's call for service during the Vietnam conflict.

8.       Between 1971 and 1975, Plaintiff completed two WESTPAC deployments into hostile territories, for which he received combat action commendation and later was honorably discharged.

9.       Plaintiff is proud to have served his country and supports citizens' right to free speech as guaranteed under the United States Constitution.

10.       Consistent with this belief, Plaintiff has steadfastly exercised his right to free speech.

11.     In particular, Plaintiff exercises his right to free speech by protesting racism, bigotry, and hatred frequently in Dallas County, and is a well-known person to the Dallas Police Department due to, *inter alia*, his numerous personal appearances at rallies, viral videos about him on the internet, and TV and print news coverage about him.

12.     On or about September 16, 2017, Plaintiff went to protest certain actions to be conducted by This is Texas Freedom Force ("TITFF").

13.     TITFF has been described as a neo-confederate organization; its self-described mission is to, *inter alia*, "mak[e] sure left-wing groups don't get out of line."

14.     TITFF has been known to conduct rallies, armed with assault rifles and other weapons, in support of its various neo-confederate causes.

15.     As relevant here, on September 16, 2017, TITFF organized an armed rally to oppose the removal of a Robert E. Lee statute located at Oak Lawn Park, 3333 Turtle Creek Blvd, Dallas, TX 75219 ("the Armed Neo-Con Rally"), a public park.

16.     Plaintiff planned to attend the rally to oppose TITFF's views.

17.     Unlike TITFF, Plaintiff was unarmed.

18.     Unlike TITFF, Plaintiff did not have a group of confederates to engage in physical violence to keep opposing protesters "in line."

19.     Unlike TITFF, Plaintiff was not breaking the law by conducting a rally; on information and belief, TITFF had not secure proper permits to conduct the Armed Agitation.

20.     On information and belief, Defendants DPD and Officer Does 1-9 knew TITFF did not have proper permits to conduct the Armed Neo-Con Rally but allowed it to proceed anyway because Defendants supported TITFF's political viewpoints.

21. During the Armed Neo-Con rally, both Plaintiff and TITFF members were visible to Defendant Officers at all times.

22. At all times relevant, Defendant Officers observed Plaintiff engaged in peaceful, non-violent protest of the Armed Neo-Con rally.

23. On information and belief, Defendant Officers observed TITFF members becoming increasingly agitated with Plaintiff during the Armed Neo-Con Rally.

24. On information and belief, Defendant Officers observed TITFF members surround Plaintiff while yelling obscenities at him.

25. On information and belief, Defendant Officers observed a TITFF member physically attack Plaintiff by grabbing him by the throat and slamming him on a truck as other TITFF members encouraged this violent act.

26. Immediately thereafter, Defendant Officers arrested Plaintiff, using unnecessary and excessive force for no reason whatsoever.

27. Thereafter, Defendant Officers held Plaintiff in jail for 16 hours before releasing him.

28. Defendants DPD and Defendant Officers caused "disorderly conduct" and "offensive language" charges to be brought against Plaintiff despite defendants' failure to observe any disorderly conduct or hear any offensive language.

29. Defendants DPD and Defendant Officers falsely arrested and charged Plaintiff because they preferred to allow the Armed Neo-Con Rally continue uninterrupted by Plaintiff's exercise of his free speech after violently grabbing him and hauling him into police custody.

30.    All acts complained of herein were perpetrated under color of law; on information and belief, Defendants' decision to falsely arrest and charge Plaintiff were part of a pattern, practice, and/or custom of Defendants.

29.    These bogus charges were ultimately dismissed as they lacked basis in law or fact.

30.    As a result, Plaintiff's constitutional and civil rights were violated; he has suffered mental, emotional, and financial harm as a result.

### First Claim for Relief – False Arrest

31.    Plaintiff realleges all preceding allegations.

32.    Defendants' actions, including those of its policy makers, violated Plaintiff's clearly established Constitutional rights.

32.    Specifically, Defendants violated Plaintiff's constitutional right to be free from false arrest because no reasonable police officer could have concluded that Plaintiff had or was committing a crime.

33.    Further, Defendants violated Plaintiff's constitutional right to be free from false arrest because no reasonable police officer could have concluded that Plaintiff's peaceful protest of the Armed Neo-Con Rally constituted "offensive language."

34.    Defendants actions were the direct result of Defendants Defendant Officers's actions and the policy decisions of Defendants' policy makers.

### Second Claim for Relief – First Amendment

35.    Plaintiff realleges all preceding allegations.

36.     By operation of the false arrest and pattern, practice, and/or custom of Defendants actions, Plaintiff was deprived of the right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

37.     Specifically, Defendants' actions comprised unlawful content and viewpoint based restraint on Plaintiff's First Amendment Rights.

38.     As a direct and proximate result of Defendants', actions, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, which entitles Plaintiff to injunctive and declaratory relief that Defendants' actions were unlawful and nominal damages.

### Third Claim for Relief – Fourteenth Amendment

39.     Plaintiff realleges all preceding allegations.

40.     By operation of the false arrest and pattern, practice, and/or custom of Defendants actions, Plaintiff was deprived of the right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

41.     Specifically, Defendants' actions comprised unlawful content and viewpoint based restraint on Plaintiff's Fourteenth Amendment Rights to have equal protection under the law.

42.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, which entitles Plaintiff to injunctive and declaratory relief that Defendants' actions were unlawful and nominal damages.

### Fourth Claim For Relief – Municipal Liability

43.     Plaintiff realleges all preceding allegations.

44. Defendant City of Dallas and/or Defendant Hall are liable for the constitutional violations described herein because the violations arose from a persistent, widespread pattern or practice of falsely arresting and charging peaceful protestors with false charges.

45. Defendant Officers, acting under color of law and acting pursuant to customs, practices and policies of The City of Dallas and DPD in regards to unlawful detention/false arrest, as authorized and/or ratified by the City, deprived Plaintiff of rights and privileges secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

46. By failing to provide proper training in the elements of criminal charges, including disorderly conduct and resisting arrest, the DPD and City exhibited deliberate indifference to an obvious need for training. With respect to the claims made the basis of this lawsuit, the City's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

47. Defendant City of Dallas and DPD under the direction of the Dallas City Council developed and maintained a policy of deficient training of its police force in understanding the elements of criminal charges and First Amendment rights.

48. Any reasonably trained officer would not take a person into custody without probable cause that they were committing a crime.

49. The City and DPD's failure to provide adequate training to its police officers regarding elements of criminal charges and First and Fourth Amendment rights reflects deliberate indifference by of the City and reckless and conscious disregard for the obvious risk that officers would unconstitutionally arrest and detain citizens and violate First Amendment rights made the violations of Plaintiff's constitutional rights, a reasonable probability.

50.     Plaintiff would show that Defendant Officers' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

51.     Upon information and belief, Defendant City, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff, failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection to Plaintiff and implemented policies, procedures, and practices which were the moving force behind the violation of his constitutional rights.

52.     For instance, the following conduct, policies, and customs, *inter alia*, by Defendants violated Plaintiff's constitutional rights:

a. The City's failure to adequately train its officers on the Texas criminal code elements of charges and First and Fourth Amendment rights;

b. DPD's failure to properly supervise Defendant Officers to assure that they did not violate citizens' rights.

c. DPD's failure to discipline or terminate officers for non-compliance with policy;

53.     The City of Dallas also had a duty to properly supervise its police officers to assure that they comply with the law and do not violate citizen rights.

54.     Defendant failed to properly supervise its officers.

55.     Plaintiff was arrested without any resistance from the Chief of Police. Instead of supervising and assuring that DPD officers did not violate citizens' rights, the Dallas Chief of police simply sat idly by as the violations occurred.

56.     The City's failure to properly train/supervise/discipline its police officers regarding the elements of criminal charges and First and Second Amendment rights was the proximate cause of the violations of Plaintiff's constitutional rights

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks this Court:

A)     to declare Defendant's restriction of Plaintiff's speech to have been in violation of the First and Fourteenth Amendments to the U.S. Constitution;

B)     to preliminarily and permanently enjoin Defendants' speech restriction and its application of Plaintiff's speech as set forth in this Complaint;

C)     to award Plaintiff nominal damages for the past loss of his constitutional rights as set forth in this Complaint;

D)     to award Plaintiff damages for his false arrest and imprisonment as complained of in this Complaint;

E)     to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42. U.S.C. 1983, 1988 and other fee shifting sources of law within federal civil rights' framework; and

F)     to grant any other such relief this Court deems just and proper.

Respectfully Submitted,

/s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
K. COLE LAW, PLLC
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
(972) 947-3834 (fax)
kcole@kcolelaw.com

*/s/ Sheridan England, Esq.* (pro hac vice pending)
S.L. England, PLLC
1050 Connecticut Avenue NW Suite 500
Washington, DC 20036
sheridan@slengland.com
(202) 572-1020 (phone)

**ATTORNEYS FOR PLAINTIFF**