IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT E. WOOLUM,                          §
                                           §
         Plaintiff,                        §
                                           §
V.                                         §        No. 3:18-cv-2453-B-BN
                                           §
THE CITY OF DALLAS, TEXAS,                 §
SAMUEL DIGBY, and OFFICER                  §
DOES 1-9,                                  §
                                           §
         Defendants.                       §

**ORDER REQUIRING MOTION ON QUALIFIED IMMUNITY DEFENSE**

Plaintiff Albert E. Woollum, through counsel, brings this civil rights action under 42 U.S.C. § 1983 against the City of Dallas, one named Dallas police officers, and several John Doe Dallas police officers. *See* Dkt. No. 1. United States District Judge Jane J. Boyle referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) on February 1, 2019. *See* Dkt. No. 18.

On June 25, 2019, the Court granted in part and denied in part Defendant Samuel Digby's motion to dismiss without prejudice to Wollum's filing an amended complaint by July 9, 2019. *See* Dkt. No. 24; *see also* Dkt. No. 23. No amended complaint was filed. Digby therefore answered the original complaint. *See* Dkt. No. 25. And through his answer, Digby asserts qualified immunity. *See id.*, ¶¶ 2.5, 2.6, & 2.7.

As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*

*v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"); *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))).

This order is therefore entered to allow the Court to decide each Digby's entitlement to qualified immunity on an expedited basis through a motion for summary judgment on this affirmative defense. And he must file such a motion by **August 19, 2019**.

The motion must be accompanied by or incorporate a brief, and the motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. Defendant must bracket in the margin of each document in the appendix the portions of the document upon which he relies, and, when citing record materials in the brief, Defendant must support each assertion by citing each relevant page of the appendix. No party may file more than one motion for summary judgment without

leave of court. *See* N.D. TEX. L. CIV. R 56.2(b). Except to the extent any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

All discovery is stayed pending a ruling on the motion for summary judgment. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at \*4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam).

However, where a defendant has asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised in the expected motion for summary judgment. *See Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must

be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)); *cf.*

*Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1,

2018) ("[A] court's qualified immunity inquiry at [the summary judgment] stage

requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected

by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*,

391 F.3d 653, 655 (5th Cir. 2004); citations omitted)), *rec. accepted*, 2018 WL 5620469

(N.D. Tex. Oct. 30, 2018).

After Digby files the aforementioned motion for summary judgment, the Court

will issue a further order setting forth procedures and deadlines for any possible

request for limited discovery related to the affirmative defense of qualified immunity

and for Woolum's response to the motion for summary judgment.

SO ORDERED.

DATED: July 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE