IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT E. WOOLUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2453-B-BN |
| | § | |
| THE CITY OF DALLAS, TEXAS, | § | |
| SAMUEL DIGBY, and OFFICER | § | |
| DOES 1-9, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
UNOPPOSED MOTION FOR LEAVE TO CONDUCT
LIMITED DISCOVERY (OUT OF TIME)**

Plaintiff Albert E. Woolum, through counsel, brought this civil rights action against the City of Dallas, one named Dallas police officer, and several John Doe Dallas police officers. *See* Dkt. No. 1.

United States District Judge Jane J. Boyle referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 18.

Woolum now moves for leave to obtain discovery related to Defendant Samuel Digby's defense of qualified immunity, seeking to depose Digby, require that the City respond to thirty-numbered requests for production, and require that Digby respond to eighteen-numbered requests for production and answer nine-numbered interrogatories. *See* Dkt. No. 35.

The certificate of conference included in the motion for leave represents that

counsel for Defendants indicated on September 24, 2019 that Woolum's motion for leave was unopposed, although the motion itself was not filed until December 4, 2019. *See id.* at 2.

The Court DENIES the motion for these reasons.

## Applicable Background

On June 25, 2019, the Court granted in part and denied in part Digby's motion to dismiss without prejudice to Woolum's filing an amended complaint by July 9, 2019. *See* Dkt. No. 24; *see also* Dkt. No. 23. No amended complaint was filed. Digby therefore answered the original complaint. *See* Dkt. No. 25. And, through his answer, Digby asserted qualified immunity. *See id.*, ¶¶ 2.5, 2.6, & 2.7.

On August 19, 2019, Digby filed a court-ordered motion for summary judgment on this nominally affirmative defense. *See* Dkt. Nos. 29 & 30; *see also* Dkt. No. 28. Two days later, the Court allowed Woolum leave to file a motion for leave to conduct limited discovery to respond to the qualified immunity issues raised in the summary judgment motion by September 21, 2019. *See* Dkt. No. 31. But no motion was filed.

On September 17, 2019, the Court struck and unfiled Woolum's untimely response to the City's renewed motion to dismiss that further requested leave to file an out-of-time amended complaint [Dkt. No. 32] without prejudice to his re-filing the response and motion for leave out of time only after his counsel conferred with counsel for Defendants, *see* Dkt. No. 33. Woolum failed to re-file either his response or his motion for leave.

And, on November 6, 2019, the Court ordered Woolum to file a written response

to the motion for summary judgment by December 6, 2019. The current motion for leave was filed two days before this response deadline.

## Legal Standards and Analysis

As the Court set out in its August 21, 2019 order inviting Woolum to file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion,

> [a]ll discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam).
> 
> But, where a defendant has asserted a qualified immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on that defense. *See Wicks*, 41 F.3d at 994; *Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *see also Burkett v. Kenner Police Dep't*, No. Civ. A. 02-1858, 2003 WL 1340294, at *1 (E.D. La. Mar. 17, 2003) (allowing the exchange of initial disclosures targeted at identifying officers involved in incident at issue after finding that plaintiff's Rule 7(a) reply met the heightened pleading requirement).
> 
> Woolum may therefore file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion by September 21, 2019.
> 
> Any motion for leave must include: (1) the specific interrogatories, if any, that Woolum wants to send to Digby; (2) a list of the specific documents or specific categories of documents, if any, that Woolum wants to obtain from Digby; and (3) an explanation of why this discovery is necessary to enable Woolum to respond to the specific qualified immunity issues raised in the motion for summary judgment. The requested discovery must be narrowly tailored to uncover only those facts needed for

the Court to rule on the qualified immunity defense and will only be permitted if Digby's immunity defense turns at least partially on a factual question and the Court is unable to rule on the immunity defense without further clarification of the facts. *See Lion Boulos*, 834 F.2d at 507-08; *Webb*, 618 F. App'x at 206 ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (quoting, in turn, *Lion Boulos*, 834 F.2d at 507-08))); *see also Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)).

Accordingly, while "a court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true,'" *Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018), an "attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,'" because "open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to [a plaintiff's] version of events – fail to advance the second step of the 'careful procedure' set forth in *Backe*, *Wicks*, and *Lion Boulos*," *Hutcheson v. Dallas Cnty., Tex.*, No. 3:17-cv-2021-BN, 2019 WL 1957997, at *3 (N.D. Tex. May 2, 2019) (citations omitted).

Dkt. No. 31 at 1-4 (emphasis omitted).

Woolum's broad discovery requests may implicate non-privileged and relevant matters and thus may not run afoul of Federal Rule of Civil Procedure 26(b)(1). But "[t]hat rule's 'broad scope of relevance' far exceeds the scope of discovery allowed prior to the Court's resolution of a qualified immunity defense." *Hutcheson*, 2019 WL 1957997, at *4 (citation omitted).

And, by, most glaringly, not identifying the specific factual questions that, in his view, require clarification, Woolum invites the Court to disregard the "careful procedure" established by the United States Court of Appeals for the Fifth Circuit, "under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648.

The first step of this procedure requires the Court to find that the complaint alleges facts sufficient to overcome qualified immunity. At the second step, the Court must "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity." *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted)). And the third step requires an examination of the specific discovery requests.

While Woolum has provided the Court the specific (at least written) discovery requests he intends to serve, he (1) has not explained why those requests are necessary to enable him to respond to the qualified-immunity issues raised in the motion for summary judgment; (2) has not identified the questions of fact that the discovery should be narrowly tailored to address; and (3) has not recounted for the Court how his factual allegations overcome qualified immunity. And Woolum has not explained to the Court why it should allow him to initiate the proposed discovery more than two months

after the deadline the Court established to file a proper motion for leave to conduct limited discovery to respond to the qualified immunity issues raised in the summary judgment motion.

## Conclusion

The Court DENIES Plaintiff Albert E. Woolum's Motion for Leave to Conduct Limited Discovery (Out of Time) [Dkt. No. 35].

SO ORDERED.

DATED: December 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE